UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KAPIAMBA M. EVARISTE,                               Case No. 07-7262 (HB)

                     Plaintiff,

     v.

SECURITAS SECURITY SERVICE and
NOVOTEL,

                     Defendants.
_____


**NOVOTEL'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS COMPLAINT**




LeClairRyan, a Professional Corporation
830 Third Avenue, 5th Floor
New York, NY  10022
Tel.:  (212) 430-8032
Fax:  (212) 430-8062
Michael T. Conway, Esq.

Attorneys for Defendant Novotel

Defendant, Fifty Second St. Hotel Assoc., the entity incorrectly identified as "Novotel" in the above-captioned proceeding (herein "Novotel"), submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Kapiamba M. Evariste ("Evariste" or "plaintiff") for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6).

## Introduction

As it relates to Novotel, this litigation arises from the claim that plaintiff was sent by his employer, Securitas Security Service ("Securitas"), to stand a post at Novotel where he was called a "faggot" and, after complaining about this treatment, Securitas chose not to send him back to the Novotel posting. According to the Complaint, this set of facts gives rise to a claim for relief under Title VII of the Civil Rights Act of 1964 ("Title VII"). As shown below, plaintiff's claim is fatally defective as to Novotel and should be dismissed pursuant to FRCP Rule 12(b)(6).

The fundamental flaw in plaintiff's Complaint is his failure to allege (because it is not the case) that Novotel was his employer at the time he was terminated. Nonetheless, even had plaintiff been a Novotel employee, the acts complained of amount, at best, to discrimination based on sexual orientation; as such, plaintiff does not fit into a protected class and his Title VII claim must be dismissed.

## Statement of Facts Alleged in Complaint

Plaintiff was "employed by Securitas temporarily for strike coverage on April 20, 2006 … they hired me and I was employed by Securitas from May 8, 2006 to November 9, 2006 … [and was] fired on January 7, 2007 … [because Securitas said it] could not find a

reassignment for [plaintiff.]" (*See* Complaint, ¶ 8). Securitas sent plaintiff to work a post at Novotel as a security guard at the street level of the hotel. *Id*. According to plaintiff, during the time he was posted at Novotel, he was called a "faggot" by a Novotel employee. (*See* Complaint, ¶ 7). This behavior was allegedly "perpetual" while he was assigned to the Novotel post. (*See* Complaint, ¶ 5). Plaintiff also alleges that he was the victim of discrimination about his national origin (s*ee*, *e.g.*, Complaint, ¶¶ 5, 7), but this is not alleged to be part of the claim against Novotel.

## Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Novotel must establish that plaintiff has failed to "state a claim upon which relief can be granted." FRCP Rule 12(b)(6). In ruling on a Rule 12(b)(6) motion, the Court must construe all factual allegations in the complaint in favor of the non-moving party. *See Krimstock v. Kelly*, 306 F.3d 40, 47-48 (2d Cir. 2002). Despite this liberal standard, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient to withstand a motion to dismiss. *De Jesus v. Sears, Roebuck & Co*., 87 F.3d 65, 70 (2d Cir. 1996). Although normally limited to facts alleged in the complaint, courts may consider documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken. *Leonard F. v. Israel Discount Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (citation omitted).

## Argument

### I.
### Plaintiff was not an Employee of Novotel

Plaintiff's Title VII claim against Novotel fails to state a claim upon which relief can be granted as against Novotel, because Novotel was not an "employer" subject to liability

2

under Title VII.  *See* Rice v. Scudder Kemper Invs., Inc., 55 Fed. R. Serv. 3d 242, 242 (S.D.N.Y. 2003). Even though *pro se* litigants are entitled to leniency with regard to their pleadings, a plaintiff's Title VII claims should be dismissed if they are alleged against a non-employer. *Id*.

Indeed, Title VII does not provide a cause of action against non-employers.  Under Title VII, "it shall be an unlawful employment practice for an *employer*…to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." *See* 42 U.S.C. § 2000e-(2)(a)(1) [emphasis added]; *see also* Scott v. Mass. Mut. Life Ins. Co., 633 N.Y.S.2d 754, 756 (1995) (same result under New York statute).  Thus, Title VII's proscriptions against unlawful employment discrimination apply solely to employers. *See also* Tagare v. Nynex Network Sys. Co., 994 F. Supp. 149, 159 (S.D.N.Y 1997) (Title VII claim not available unless traditional employment relationship exists).

Plaintiff openly concedes that he was employed by Securitas – not Novotel – during all relevant time periods.  (*See*, *e.g.*, Complaint, ¶ 8).  Plaintiff repeatedly refers to Novotel merely as a client of Securitas, not as his employer: "as a company of service, [Securitas] sent me at [sic] Novotel Hotel one of their clients."  *see* Charge of Discrimination annexed to Complaint.

3

Accordingly, plaintiff failed to allege a necessary element of his claim – that he was an employee of Novotel[1] – and his discrimination claim against Novotel should be dismissed with prejudice.

## II.

### Plaintiff is not a Member of a Protected Class

To establish a *prima facie* case of discrimination with respect to Title VII, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discriminatory intent. *See*, *e.g.*, Altman v. N.Y. City Dep't of Educ., 2007 U.S. Dist. LEXIS 91348 (S.D.N.Y. 2007) (J. Baer).

As shown above, the plaintiff was not an employee of Novotel and, therefore, could not have "suffered an adverse employment action" at the hands of Novotel. Notwithstanding this fatal flaw, it is clear from the Complaint that the claim against Novotel arises from a perceived act of sexual discrimination based on sexual preference and, therefore, he cannot satisfy the most basic of the *prima facie* requirements of his claim – he is not a member of a protected class:

> Defendant(s) discriminated against me based on my gender/sex calling me faggot . . .

(*See* Complaint, ¶ 7).

> I filing this charge against Novotel, who removed me from my post because I complained to N. DeJorge that I was victim of discrimination about my sex male (bisexual feelings that reflect in my voice and physical) . . .

(*See* Complaint, ¶ 8, page 2 of attachment).

---

[1] This "non-employee" status has also been confirmed in the accompanying Declaration of Darilene L. Bonnet, the Director of Human Resources for Novotel; Ms. Bonnet states that plaintiff has never been an employee of Novotel. (*See* Bonnet Declaration, ¶¶ 3-4).

4

However, the law is well-settled in this circuit (and in all others to have reached the question) that Title VII does not prohibit harassment or discrimination because of sexual orientation.  *See*, *e.g.*, <u>Simonton v. Runyon</u>, 232 F.3d 33, 35 (2d Cir. 2000) (alleged conduct went well beyond that described in the present case (and, in fact, was too reprehensible to be repeated here), but it was nonetheless deemed to be outside the scope of a meritorious Title VII charge of discrimination). Thus, because plaintiff is alleging discrimination as against Novotel based upon a hostile workplace environment where he was ridiculed or harassed about his "bisexual feelings," he cannot satisfy the first element of a *prima facie* case under Title VII – the statute does not recognize homosexuals as a protected class.

Accordingly, even if he **had** been a Novotel employee, his claim would properly be dismissed.

## Conclusion

Because plaintiff's Complaint does not set forth facts which establish that he was an employee of Novotel or a member of a protected class entitled to relief under Title VII, defendant Novotel is entitled to dismissal of the Complaint pursuant FRCP Rule 12(b)(6).

Dated: New York, New York
      January 2, 2008

LeCLAIRRYAN, a Professional Corporation

By: /s/ Michael T. Conway
    Michael Conway, Esq.
    830 Third Avenue, 5th Floor
    New York, NY 10022
    Tel.: (212) 430-8032
    Fax: (212) 430-8062
    Attorneys for Defendant Novotel

## CERTIFICATE OF SERVICE

I, NADINE D. HARDY, certify the following to be true under the penalties of perjury: on January 2, 2008, I served the within NOVOTEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT on the parties listed below by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

>Kapiamba M. Evariste
>96-08 57th Avenue, Apt. # 14M
>Corona, NY 11368

>William H. Healey, Esq.
>Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C.
>155 Prospect Avenue
>West Orange, NJ 07052

Dated: New York, New York
       January 2, 2008

>/s/ Nadine D. Hardy
>Nadine D. Hardy