**MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, P.C.**
155 Prospect Avenue
West Orange, New Jersey  07052
(973) 736-4600
Attorneys for Defendant
Securitas Security Services USA, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                     :
KAPIAMBA M. EVARISTE,                :
                                     :   Civil Action No.:  07 CV 7262
        Plaintiff,                   :
                                     :
    vs.                              :
                                     :   **ANSWER TO COMPLAINT AND**
SECURITAS SECURITY SERVICE           :   **AFFIRMATIVE DEFENSES**
and NOVOTEL,                         :
                                     :
        Defendants.                  :
_____

Defendant Securitas Security Services USA, Inc. ("Securitas"), i/p/a Securitas Security Services ("Defendant"), by and through its attorneys, Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C., by way of Answer to the Complaint, states and alleges as follows:

The first unnumbered paragraph of the Complaint regarding Title VII of the Civil Rights Act of 1964 states a legal conclusion to which no response is required.

The second unnumbered paragraph of the Complaint regarding jurisdiction states a legal conclusion to which no response is required.

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits that Defendant has an office located at 200 West 50th St., New York, New York.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff was employed at Defendant.

9. Paragraph 9 of the Complaint has been left blank by Plaintiff, and therefore does not require a response.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

**WHEREFORE**, Defendant denies the relief requested in the Wherefore Clause in the Complaint.

## SEPARATE/AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because they were not exhausted at the administrative level.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or part, and/or his recovery of damages should be reduced, because of his failure to take reasonable steps to avoid or mitigate his alleged damages.

### SIXTH DEFENSE

Any and all damages allegedly sustained by Plaintiff, if any, were proximately caused by and were the sole responsibility of, third parties over whom the Defendant exercised no control or authority.

### SEVENTH DEFENSE

The proximate cause of Plaintiff's alleged injuries, if any, was Plaintiff's own conduct and not that of the Defendant.

### EIGHTH DEFENSE

Defendant did not engage in any unlawful practice or act.

## NINTH DEFENSE

At all times, the Defendant's actions were in accord with all applicable law, rules and regulations.

## TENTH DEFENSE

Plaintiff is not entitled to compensatory, liquidated and/or punitive damages.

## ELEVENTH DEFENSE

All decisions made by the Defendant with respect to Plaintiff (if any), and all actions taken with respect to Plaintiff (if any), were made in good faith and were based on legitimate and reasonable business-related factors.

## TWELFTH DEFENSE

Insofar as the Complaint seeks damages against the Defendant, it must be dismissed in that Plaintiff has sustained no damage.

## THIRTEENTH DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which an award of attorneys' fees and/or punitive damages can be granted.

## FOURTEENTH DEFENSE

Defendant did not aid or abet any discrimination against Plaintiff.

## FIFTEENTH DEFENSE

Defendant did not violate Title VII of the Civil Rights Act of 1964.

## SIXTEENTH DEFENSE

Defendant is not liable to Plaintiff for discrimination because the Defendant exercised reasonable care to prevent such behavior and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Defendant.

### SEVENTEENTH DEFENSE

While denying any of the acts complained of by Plaintiff, the Defendant asserts that the alleged conduct was not severe or pervasive.

### EIGHTEENTH DEFENSE

While denying the acts complained of by Plaintiff, the Defendant asserts that Plaintiff has failed to demonstrate a pattern of alleged harassment, discrimination or improper conduct of any kind.

### NINETEENTH DEFENSE

The alleged acts or omissions of the Defendant were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.

**WHEREFORE**, Defendant denies that it is liable to Plaintiff for any sum of money whatsoever, and request that the Court dismiss the Complaint in its entirety and with prejudice, and award Defendant its costs, attorneys' fees, and such other and further relief as it deems just and proper.

### DESIGNATION OF TRIAL COUNSEL

William H. Healey, Esq. is hereby designated as trial counsel for the Defendant.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Defendants hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or other administrative proceeding, nor is any other action or arbitration proceeding contemplated.

        MANDELBAUM, SALSBURG, GOLD,
        LAZRIS & DISCENZA, P.C.
        Attorneys for Defendant
        Securitas Security Services USA, Inc.


By: /s/ William H. Healey
     WILLIAM H. HEALEY

DATED: February 26, 2008

275425v2