**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                              :

**EVARISTE KAPIAMBA,**                        :
                                              :
                    **Plaintiff,**          :
                                              :        **07 Civ. 7262 (HB)**
          **- against -**                 :
                                              :        <u>**OPINION & ORDER**</u>
**SECURITAS SECURITY SERVICE and**    :
**NOVOTEL,**                            :
                                            :
                    **Defendants.**     :
                                            :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

On August 15, 2007, Evariste Kapiamba, a *pro se* plaintiff, filed a complaint in this Court alleging that Defendants Securitas Security Service ("Securitas") and Novotel discriminated against him in his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17, amended in 1972 and 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166.  On January 2, 2008, Defendant Novotel moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Court has reviewed Novotel's argument, Plaintiff's opposition and Novotel's reply, and, for the reasons set forth below, hereby dismisses Plaintiff's claims against Novotel.

## I.  FACTUAL BACKGROUND

Plaintiff, a national of the Democratic Republic of the Congo, entered the United States when he was approximately 37 years old on March 28, 2001 under the United States Refugee Program, Priority One.[1]  Compl. II (Personal Statement).  Plaintiff's son and daughter, both minors, remain in the Democratic Republic of the Congo and are dependent on Plaintiff, who provides them with food and clothes and pays their education and medical bills.  *Id.*

---

[1] Priority One of the United States Refugee Program of the U.S. Department of State is for certain classifications of refugees identified by the United Nations High Commissioner for Refugees or a U.S. Embassy, including persons facing compelling security concerns in countries of first asylum; persons in need of legal protection because of the danger of refoulement; those in danger due to threats of armed attack in an area where they are located; prisoners of conscience; victims of torture or violence; and so on. U.S. Department of State Bureau of Population, Refugees and Migration, Fact Sheet, *at* http://www.state.gov/g/prm/rls/fs/2001/2131.htm.

Plaintiff was employed as a temporary security officer by Defendant Securitas on April 20, 2006, and later as a regular employee from May 8, 2006 to January 27, 2007, when Securitas terminated his employment.  Compl. ¶ 8.

On May 8, 2006, Defendant Securitas assigned Plaintiff to work as a night-shift security officer at the street lobby area of a hotel operated by Defendant Novotel, one of Securitas' clients.[2]  *Id.*  On November 4, 2006, Plaintiff complained to Novotel's head of security that the Novotel night security supervisor frequently harassed him.  *Id.*  Specifically, Plaintiff complained that the Novotel supervisor called him a "faggot," told others that Plaintiff was a homosexual and sang an offensive song about gay men.  *Id.*  Plaintiff alleges that when his employer, Defendant Securitas, removed Plaintiff from his assignment at the Novotel hotel on November 10, 2006, this was in retaliation for the complaints made by Plaintiff to Novotel's head of security.  *Id.*

Plaintiff alleges discrimination thereafter by Defendant Securitas on account of his national origin but claims no further involvement by Novotel.  *Id.*  Defendant Securitas ultimately terminated Plaintiff's employment on January 27, 2007, explaining that it could not find a reassignment for him.  *Id.*

Plaintiff filed a grievance with the U.S. Equal Employment Opportunity Commission (the "EEOC") alleging discriminatory conduct by both Defendants, and on May 30, 2007, the EEOC issued to Plaintiff a Dismissal and Notice of Rights, which permitted Plaintiff to file this action in federal district court.  Plaintiff filed this action on August 15, 2007, alleging discrimination in his employment on account of his national origin and gender.  *Id.* ¶ 4.

## II.  STANDARD OF REVIEW

A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("*Twombly*").  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  The factual allegations within the claim "must be enough to raise a right to relief above the speculative level."  *Id.*  "[O]nce a claim has been stated

---

[2] Defendant Novotel explains that "Novotel" is a hotel owned by Fifth Second St. Hotel Assoc., and therefore Plaintiff incorrectly named "Novotel" as the Defendant, which should be Fifth Second St. Hotel Assoc.  Def. Novotel's Mem. of Law in Support of Mot. to Dismiss Compl. (Jan. 2, 2008) 1.  This opinion, however, will refer to Defendant as "Novotel."

adequately, it may be supported by showing any set of facts consistent with the allegations in the [pleading]." *Id.* at 1969. When deciding a motion to dismiss, a court must accept all the well-pleaded allegations of the claim as true, even if doubtful in fact, and must draw all reasonable inferences in the claimant's favor. *Id.* at 1965; *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).

### III.  DISCUSSION

Defendant Novotel argues that Plaintiff has not stated a claim against it under Title VII because (1) Novotel was not Plaintiff's employer and Title VII applies only to employers, and (2) Plaintiff's allegations of discrimination by Novotel employees would amount, at the most, to discrimination on the basis of sexual preference, which is not a protected class under Title VII. This Court agrees with Defendant on both issues.

First, Title VII does not provide a cause of action against non-employers. Under Title VII, "it shall be an unlawful employment practice for an *employer* . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-(2)(a)(1) (emphasis added). *See also Tagare v. Nynex Network Sys. Co.*, 994 F. Supp. 149, 154 (S.D.N.Y. 1997) ("Title VII protects only 'employees'; independent contractors may not obtain relief under the statute."). Here, Plaintiff admits that he was not an employee of Novotel; indeed, he was not even an independent contractor. Compl. Ex. (Plaintiff's Charge of Discrimination, N.Y. State Division of Human Rights and EEOC, Mar. 6, 2007); Decl. of Darilene L. Bonnet, Director of Human Resources for Novotel (Jan. 4, 2008) (confirming that Plaintiff was never employed by Novotel). Therefore, Defendant Novotel is not subject to liability pursuant to Title VII.

Second, even if Plaintiff had been employed by Novotel, the offensive conduct would not be actionable under Title VII. While Plaintiff claims that Defendant Securitas discriminated against him on account of his national origin, the only acts of discrimination that he alleges against Novotel relate to sexual preference. He claims that a Novotel employee called him a "faggot" and that he was removed from his post at Novotel because he "complained to [the Novotel head of security] that I was victim of discrimination about my sex male (bisexual feelings that reflect in my voice and physical) [sic] . . . ." Compl. ¶ 8.

To establish a *prima facie* case of discrimination in violation of Title VII, a plaintiff must

3

show that "(1) that he belongs to a protected class, (2) that he was performing his duties satisfactorily, (3) that he was discharged, and (4) that his discharge occurred in circumstances giving rise to an inference of discrimination *on the basis of his membership in that class*." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). While the remarks made to Plaintiff were undoubtedly offensive, Title VII does not prohibit harassment or discrimination because of sexual orientation. *See, e.g., Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000).

Therefore, even if Plaintiff had been a Novotel employee, his claim would be dismissed because he does not fall within a protected class under Title VII with respect to the discrimination alleged against Novotel.

## IV. CONCLUSION

For the reasons stated, Defendant Novotel's motion is hereby GRANTED and Plaintiff's claims against Novotel are DISMISSED. Plaintiff Kapiamba and the remaining defendant, Securitas, are hereby ordered to appear in my Chambers, Room 2230 of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street, New York, New York, at 1:30 p.m. on Thursday, May 22, 2008, for a pretrial conference, the purpose of which, at least in part, is to complete a Pretrial Scheduling Order ("PTSO"), which sets forth the month of trial and other relevant dates in this matter. Plaintiff and Defendant Securitas shall attempt to do so together before the pretrial conference, but if not accomplished before, then at the conference. A copy of the PTSO is attached to this opinion.

**IT IS SO ORDERED.**
New York, New York
April 2**9**, 2008

U.S.D.J.

4